Eric M. Fraser, 027241
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona  85012
(602) 640-9000
efraser@omlaw.com

Robert J. Yorio, *pro hac vice* to be filed
CARR & FERRELL LLP
120 Constitution Drive
Menlo Park, CA 94025
(650) 812-3400
yorio@carrferrell.com

**Attorneys for Plaintiff The Strategic Coach, Inc.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Strategic Coach, Inc., a Canadian corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>Dean Graziosi, an individual; BBG Enterprises, LLC, a Wyoming limited liability company; and Dean Enterprises, LLC, an Arizona limited liability company,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**(Jury trial demanded)** |

Plaintiff The Strategic Coach, Inc. ("**Strategic Coach**" or "**Plaintiff**"), by and through its attorneys, and for its Complaint against Defendants Dean Graziosi ("**Graziosi**"), BBG Enterprises, LLC,("**BBG**"), and Dean Enterprises, LLC ("**Dean Enterprises**") (collectively, "**Defendants**"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement, federal trademark infringement, federal false designation of origin, breach of contract, common law trademark infringement, false advertising, and breach of the implied covenant of good faith and fair dealing by the Defendants pursuant to a devious plan masterminded by Graziosi, which he carried out individually and through the corporate Defendants included herein.

2.      Strategic Coach, founded in 1988 by life partners Dan Sullivan and Barbara Smith, is a well-known provider of entrepreneurial coaching services that have been offered to the public in the United States and internationally for more than 30 years.

3.      Strategic Coach and its founders have devoted decades to develop the information and materials they offer in connection with Strategic Coach's coaching programs.  To protect their proprietary information and materials, Strategic Coach has required and continues to require all of its students and customers to sign agreements acknowledging that the information and materials provided to them in connection with Strategic Coach's programs contain intellectual property belonging to Strategic Coach. These agreements contain incorporated non-disclosure provisions that bind their signatories not to reproduce, present, distribute, transmit, or make commercial use of Strategic Coach's proprietary information and materials without Strategic Coach's authorization.  To avoid any confusion, Strategic Coach publishes and makes available to its students and customers carefully prepared guides clearly defining actions that would violate Strategic Coach's intellectual property and agreements.  As a result, the boundaries of the scope of the license granted to Strategic Coach's students and

1

1  customers to use Strategic Coach's proprietary materials for their personal private use are

2  unambiguous.

3       4.    Defendant Graziosi has participated in several of Strategic Coach's

4  entrepreneurial coaching programs beginning in 2010 and as recently as 2019.  However,

5  despite having signed several agreements in which he agreed not to reproduce, present,

6  distribute, transmit, or make commercial use of the information and materials received

7  from Strategic Coach, he did exactly that.  Graziosi took the information and materials

8  disclosed to him by Strategic Coach under the protection of nondisclosure agreements,

9  and used them commercially to offer competing entrepreneurial coaching services for

10 which he took money from unsuspecting third parties in exchange for presenting,

11 distributing, and transmitting to them unauthorized reproductions of Strategic Coach's

12 proprietary information and materials in whole, in part, or in combination with other

13 materials.

14       5.     Instead of incurring the time, risk, and expense of independently

15 developing his own tools, methods, content, documents, and materials, as was done by

16 Strategic Coach over the course of several decades, Graziosi has misappropriated

17 Strategic Coach's intellectual property in order to take a shortcut. Graziosi stole Strategic

18 Coach's long-time investments and property, and uses them now to compete with

19 Strategic Coach.

20       6.    Graziosi further aggravated the damage caused to Strategic Coach because

21 he copied Strategic Coach's original publications which are protected by copyright, and

22 sold such copies to his own customers. Moreover, Graziosi applied to such counterfeit

23 copies Strategic Coach's unique trademarks, thereby willfully introducing into the stream

24 of commerce materials that infringe Strategic Coach's copyrights *and* trademarks.

25       7.    In view of Graziosi's egregious violations, which include breaches of

26 multiple nondisclosure agreements, misappropriation of Strategic Coach's copyrights,

27 and misappropriation of Strategic Coach's trademarks, Strategic Coach brings this

28 Complaint to prevent further misuses of its proprietary information and materials, to

prevent Defendants from harming Strategic Coach's reputation by presenting Strategic

Coach's information and materials as part of his own ineffective coaching programs, to

protect the public's confidence in the effectiveness and reliability of the entrepreneurial

coaching programs that Strategic Coach has long sought to deliver to the public, and to

obtain compensation for its damages and for Graziosi's (and the corporate Defendants')

unjust enrichment resulting from such unlawful conduct.

## PARTIES

8.    Strategic Coach is a Canadian corporation with its principal place of

business located at 33 Fraser Avenue, Suite 201 Toronto, Ontario, Canada M6K3J9.

9.    Upon information and belief, Dean Graziosi is an individual that resides

and conducts business in Maricopa County, Arizona.

10.    Upon information and belief, Defendant BBG Enterprises, LLC, is a

Wyoming limited liability company with a principal place of business located in

Scottsdale, Arizona. Dean Graziosi is listed as a Manager of BBG Enterprises LLC. Upon

information and belief, BBG does substantial business throughout the United States and

in this judicial district.

11.    Upon information and belief, Defendant Dean Enterprises, LLC is an

Arizona limited liability company with a principal place of business located in Maricopa

County, Arizona. Dean Graziosi is listed as a Member of Dean Enterprises, LLC. Upon

information and belief, Dean Enterprises does substantial business throughout the United

States and in this judicial district.

12.    Upon information and belief, at all times relevant hereto each of the

Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or

employee of the remaining Defendants and was at all times acting within the scope of

such agency, affiliation, alter-ego relationship and/or employment; and actively

participated in or subsequently ratified and/or adopted each of the acts or conduct alleged,

with full knowledge of all the facts and circumstances, including, but not limited to, full

1  knowledge of each violation of Strategic Coach's rights and the damages to Strategic
2  Coach proximately caused thereby.

3  **JURISDICTION AND VENUE**

4      13.    This Court has subject matter jurisdiction over Strategic Coach's federal,
5  copyright, and trademark claims pursuant to 28 U.S.C. §§ 1331, 1338 and 1343. The
6  Court has subject matter jurisdiction over Strategic Coach's breach of contract claim
7  under 28 U.S.C. § 1332 because the parties are completely diverse in citizenship and the
8  amount in controversy exceeds $75,000.  Moreover, the Court has supplemental
9  jurisdiction over the pendent state law claims alleged in this Complaint pursuant to 28
10  U.S.C. § 1367.

11      14.    Graziosi is subject to this Court's personal jurisdiction because he is an
12  individual residing in the State of Arizona and in this judicial district. Further, this Court
13  has personal jurisdiction over Graziosi because many of the transactions, events, and
14  injuries giving rise to the claims asserted herein against Graziosi in the State of Arizona
15  and in this judicial district.

16      15.    This Court has personal jurisdiction over BBG because it is a foreign
17  limited liability company with their principal place of business located in the State of
18  Arizona and in this judicial district. Further, this Court has personal jurisdiction over
19  BBG because the transactions, events, and injuries giving rise to the claims asserted
20  herein against BBG occurred in the State of Arizona and in this judicial district.

21      16.    This Court has personal jurisdiction over Dean Enterprises because it is an
22  Arizona limited liability company with their principal place of business located in the
23  State of Arizona and in this judicial district. Further, this Court has personal jurisdiction
24  over Dean Enterprises because the transactions, events, and injuries giving rise to the
25  claims asserted herein against Dean Enterprises occurred in the State of Arizona and in
26  this judicial district.

27      17.    Venue is proper in this District because Defendants are subject to personal
28  jurisdiction in this judicial district, and reside or may be found within Arizona and this

judicial district. In addition, a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this judicial district. Venue therefore properly lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1391(b)(1), (2), (c), and 1400(a).

## FACTUAL ALLEGATIONS

### Strategic Coach and Its Business

18.    Strategic Coach is a family business founded, owned, and operated by life partners Dan Sullivan and Barbara Smith.

19.    Founded on the belief that entrepreneurs are the change makers that positively transform the world, in 1988, Dan and Barbara decided to combine their entrepreneurial and life experiences to create a coaching program, and company, designed to propel entrepreneurs to achieve elevated levels of performance and success. They created a company called The Strategic Coach, Inc., and called their program "The Strategic Coach Program."

20.    Over more than 30 years of hard work and dedication, Strategic Coach and its founders have experimented with, and ultimately developed and used their own combination of unique coaching methods, processes, and techniques. They also designed, developed, and published copyrighted- documents, worksheets, and other instructional literature in order to effectively convey their methods, processes, and techniques to Strategic Coach's students and customers.

21.    With the goal of making The Strategic Coach Program available to entrepreneurs throughout the U.S., Strategic Coach has invested millions of dollars and tens of thousands of hours to custom-develop methods, processes, techniques, and literary materials in order to create one of the most effective and well-known entrepreneurial coaching programs in the industry.

22.    Today, Strategic Coach is widely recognized as a global leader in business and entrepreneurial coaching. Strategic Coach, Dan, and Barbara have worked with more

than 20,000 successful business owners and entrepreneurs in the U.S. and internationally to help them achieve faster growth, greater profits, and an exceptional quality of life.

23.    Strategic Coach's students and customers must typically pass an application process and must typically pay $12,500 - $25,000 annually for membership and access to Strategic Coach's proprietary programs and materials.

24.    Strategic Coach requires that its members attend several sessions annually.

25.    To protect itself from the unauthorized poaching of its unique methods, processes, techniques, and intellectual property, all of which could be fatal to Strategic Coach's business, Strategic Coach requires individuals that participate in its coaching programs to sign agreements acknowledging that Strategic Coach's coaching programs, including the information and literature offered in connection therewith are the product of Strategic Coach's unique intellectual property, and may not be reproduced, presented, distributed, or transmitted to the public, and may not be used for commercial purposes without Strategic Coach's authorization.

### Strategic Coach's Copyrights

26.    In addition to developing unique methods, processes, and techniques, Strategic Coach has developed a large library of original publications comprised of instructional documents and worksheets designed to effectively communicate and teach the methods, processes, and techniques developed by Strategic Coach.  These publications are protected by U.S. and Canadian Copyright law.

27.    To create a record of its copyrights, Strategic Coach has registered many of its original publications with the U.S. Copyright Office, including the following literary works (the "**SC Works**"):

| Title of Work | Copyright Reg. No. | Registration Date |
|---|---|---|
| The D.O.S. Conversation | TX0007333728 | May 30, 2008 |
| The Unique Ability Developer | TX0007283268 | May 30, 2008 |

28.    Copies of duly-issued registration certificates for the SC Works are attached hereto as **Exhibit 1**.

29.     Among other things, the literature reflected in the SC Works is designed to encourage discussion, reflection and self-evaluation by Strategic Coach's members and guide them to create positive changes in their professional and personal lives.

30.     The literature reflected in the SC Works comprises an important and foundational part of Strategic Coach's educational program and has played a significant role in the company's success.

**Strategic Coach's Trademarks**

31.     Strategic Coach has developed a large portfolio of registered and unregistered trademarks which it uses to offer and provide its goods and services, including coaching programs and related materials.

32.     Strategic Coach's trademark portfolio includes without limitation the following marks adopted and used in U.S. commerce by Strategic Coach in connection with its entrepreneurial coaching goods and services (the year of first use, where known, follows each mark in parentheses): THE 4 C'S FORMULA (2015), D.O.S. (2000), THE D.O.S. CONVERSATION (2000), UNIQUE ABILITY (1995), THE DAN SULLIVAN QUESTION (2009), LARGEST CHEQUE (1998), THE POSITIVE FOCUS (1998), FREE DAYS, FOCUS DAYS, BUFFER DAYS (1989), THE ENTREPRENEURIAL TIME SYSTEM (1989), THE UNIQUE ABILITY DEVELOPER (2006), THE UNIQUE METHOD (1997), UNIQUE ABILITY PROCESS (1995), THE R-FACTOR QUESTION (2000), D.O.S. WORKSHEET (2005), WHO NOT HOW, 90 DAY SPRINT (collectively, the "**SC Marks**").

33.     The SC Marks are important to Strategic Coach because they distinguish Strategic Coach's goods and services from those of others and communicate to the consuming public that entrepreneurial coaching services and materials offered under the SC Marks originate with Strategic Coach.

34.     In view of the exceptional results achieved by Strategic Coach over many years in business with thousands of satisfied customers, the level of consumer recognition achieved by the SC Marks, and the millions of dollars Strategic Coach spent to promote

the goods and services offered under the SC Marks, the SC Marks have acquired significant goodwill and identification as a symbol of Strategic Coach's goods and services. As a result, the SC Marks have become extremely valuable to Strategic Coach.

35.    Strategic Coach has taken care and continues to take care to build and foster the goodwill of its SC Marks by, among other things, maintaining the quality of its goods and services, expending significant efforts and capital to promote and build consumer and brand awareness through advertising and promotions, registering its marks with the USPTO, and actively policing its trademark rights in order to prevent unauthorized uses and consumer confusion.

36.    Strategic Coach has obtained the following USPTO registrations for certain SC Marks (collectively, the "**SC Registrations**"):

| Mark | Trademark Reg. No. | Registration Date |
|------|--------------------|--------------------|
| THE 4 C'S FORMULA | 5239090 | July 11, 2017 |
| THE DAN SULLIVAN QUESTION | 4191050 | August 14, 2012 |
| D.O.S. | 3589561 | March 17, 2009 |
| LARGEST CHEQUE | 3533440 | November 18, 2008 |
| THE D.O.S. CONVERSATION | 3377105 | February 5, 2008 |
| THE POSITIVE FOCUS | 3852008 | September 28, 2010 |
| UNIQUE ABILITY | 2788199 | December 2, 2003 |
| FREE DAYS, FOCUS DAYS, BUFFER DAYS | 2516163 | December 11, 2001 |
| THE ENTREPRENEURIAL TIME SYSTEM | 2511451 | November 27, 2001 |
| THE UNIQUE METHOD | 3507731 | September 30, 2008 |

37.    Duly-issued registration certificates for the SC Registrations are attached hereto as **Exhibit 2**.

38.    In addition to providing constructive notice to others through the SC Registrations, Strategic Coach has routinely affixed trademark notices and trademark

registration notices where appropriate to provide actual notice to others of Strategic Coach's rights in the SC Marks and SC Registrations.

**Graziosi's Participation in Strategic Coach's Entrepreneurial Coaching Programs**

39.     Graziosi first registered for a Strategic Coach entrepreneurial coaching program on February 16, 2010. Graziosi attended his first workshop later that year, on May 19, 2010. Since then, presumably finding the program to be effective, Graziosi has reapplied to participate in various iterations of Strategic Coach's programs at least seven additional times. Graziosi's most recent participation in Strategic Coach's programs was in 2018, which ended on June 6, 2019.

40.     As a condition of being admitted into Strategic Coach's programs, Graziosi was asked to sign and did sign at least **eight (8)** agreements (collectively, the "**Agreements**") in which he acknowledged Strategic Coach's intellectual property and agreed not to reproduce, present, distribute, transmit, or make commercial use of the information and materials disclosed to him during his participation in Strategic Coach's coaching programs.  True and correct copies of the Agreements are attached hereto as **Exhibit 3**.

41.     For example, an Agreement Graziosi signed on November 19, 2012 contained the following provision:

> This is a reminder that any reproduction, presentation, transmission, or commercial use of the trademarked terms, Strategic Coach®, and the Strategic Coach Program®, or of the concepts, strategies, methods, materials, and all other trademarks, copyrights, and intellectual property of Strategic Coach® in any media, now known or hereafter invented, to make an audio and/or visual recording, transmission, or broadcast of any workshop session, in whole or in part, is also prohibited.

42.      In reliance upon Graziosi's promise not to reproduce, present, distribute, transmit, or make commercial use of  Strategic Coach's intellectual property and materials, Strategic Coach disclosed to Graziosi and granted him with access to Strategic Coach's proprietary methods, processes, techniques, and materials.

9

43.    The materials provided to Graziosi typically contained trademark and/or copyright notices where appropriate. These materials have also typically included statements cautioning against their unauthorized reproduction or distribution. For example, a program-related document provided to Graziosi in 2018 titled THE IMPACT FILTER™ contained the following provision:

> TM & © 2018. The Strategic Coach Inc. All rights reserved. No part of this work may be reproduced in any form, or by any means whatsoever, without written permission from The Strategic Coach Inc. Made in Canada. April 2018. Strategic Coach®, The Strategic Coach® Program, and The Impact Filter™ are trademarks of The Strategic Coach Inc.

44.    Pursuant to its established practices, around the time Graziosi first participated in a Strategic Coach program, Strategic Coach provided him with a copy of a document titled *Guide to Intellectual Property* (the "**Guide**").  A copy of the Guide is attached hereto as **Exhibit 4**.

45.    The Guide explains and defines Strategic Coach's intellectual property as follows:

> Strategic Coach intellectual property includes all of our concepts, exercises, and tools, along with the language and terminology used in our Program materials, marketing materials, and Knowledge Products, both in print and digital formats. IP is a valuable asset, and what we consider to be our intellectual property extends to everything Strategic Coach creates, even if it's not yet formally registered, trademarked, or patented.

46.    The Guide also explains permissible use by clients of Strategic Coach's intellectual property as follows:

> Without changing them, use our branded, downloadable Strategic Coach tools with your direct team. You can also use them with your clients on a one-on-one basis only as a strategic planning tool in the context of providing your unique service—**but not in a teaching or coaching capacity. For example, you can have a D.O.S. Conversation® with a client or prospect, but not teach it to them**.

47.    The Guide also provides several examples of unauthorized uses of Strategic Coach's intellectual property, as follows:

- Attempt to teach or coach our tools and concepts or claim them as your own. Some people have done this on stage with embarrassing results.
- Avoid contacting us. We can't support you if you don't share what you're doing. We want to protect our relationship with you as well as protect our intellectual property.
- Repackage our concept and call it something else or describe our process without express written permission.
- Coach or teach our tools under any circumstances to your clients or a third party in a group setting.
- Rebrand our tools or concepts. It negatively impacts our ability to protect our intellectual property in the marketplace.

48. Strategic Coach also clearly explains its intellectual property rights on its client-dedicated website,[1] accessed by clients including Graziosi, as follows:

This website is Strategic Coach property, and all Services displayed or otherwise accessible through the website are owned by Strategic Coach and protected under applicable Canadian and foreign copyright, trademark and other intellectual property laws.

Unless you have been specifically permitted to do so in a separate written agreement with Strategic Coach, you agree that you will not reproduce, duplicate, copy, sell, trade, license, resell, or create any derivative works from, the Services for any purpose.

Unless you have been specifically permitted to do so in a separate written agreement with Strategic Coach, nothing in the Terms of Use gives you a right to use any of Strategic Coach's trademarks, service marks, logos, and any other distinctive brand features.

You agree that you will not remove, obscure, or alter any notices (including copyright and trademark notices), which may be affixed to or contained within the Services.

The Services may contain information that is designated confidential by Strategic Coach, and you agree not to disclose this information without Strategic Coach's prior written consent.

You agree that you will not use any trademark, service mark, trade name, or logo of any company or organization in a way that is likely or intended to cause confusion about the owner or authorized user of such trademark(s).

---

1. [1] Available at https://www.strategiccoach.com/terms-of-use/ (accessed 2/4/20)

11

**Defendants' Use of Strategic Coach's Intellectual Property
As Part of A Competing Business**

49.     Upon information and belief, after participating in Strategic Coach's entrepreneurial coaching programs, Graziosi, in combination with the remaining Defendants, started to operate a business, or multiple businesses, that offer and provide to the public entrepreneurial coaching services that compete with the services of Strategic Coach.

50.     Upon information and belief, Defendants operate coaching businesses that purport to coach individuals to achieve personal and professional success through the use of self-evaluation exercises, worksheets, tools, and strategies.

51.     Upon information and belief, Defendants' businesses appear to be comprised of several different, but related, efforts. These efforts include books, services, worksheets, videos, courses and programs which are generally taught by Graziosi and utilize several different names. These names include DG Achieve, DG Inner Circle, Abundance Mastery, Mastermind, The Better Life and Millionaire Success Habits.

52.     Upon information and belief, as part of their competing businesses, and without Strategic Coach's authorization, Defendants have reproduced, presented, distributed, transmitted, and made commercial use of the proprietary methods, processes, techniques, and materials developed by Strategic Coach and disclosed or delivered to Graziosi under the protection of the Agreements.

53.     Upon information and belief, Defendants not only misappropriated the proprietary methods, techniques, and processes developed by Strategic Coach and its founders over many years of hard work and dedication, but they have also copied or caused to be copied Strategic Coach's original publications, including the SC Works, that were provided to Graziosi in confidence under non-disclosure agreements during the course of his participation in Strategic Coach's programs.

54.     Upon information and belief, Defendants affixed or caused to be affixed to such unauthorized copies of the SC Works Strategic Coach's own SC Marks.

55.     Upon information and belief, Defendants have disseminated the unauthorized copies of the SC Works, with the SC Marks on them, to customers of Defendants' own competing entrepreneurial coaching businesses.

56.     Graziosi has openly admitted that Defendants' coaching services use materials and information Graziosi learned and obtained from Strategic Coach.  For example, Graziosi in a Facebook post wrote as follows:

> Strategic [c]oach with Dan Sullivan was amazing. I learned several really great tools that will make me a better entrepreneur, teacher and overall human being. **I can't wait to share it with all my students**. [Emphasis added].

57.     Graziosi notes several specific concepts he took from Strategic Coach and Dan Sullivan in his book titled *Millionaire Success Habits*. In the book, Graziosi describes things learned from Strategic Coach, and tells the reader to obtain a copy of Strategic Coach's copyrighted worksheets at *Graziosi's* website:

> The UA (Unique Ability) Circle: Now that you have one specific goal in mind that can cut you the biggest check and take you to that next level of wealth and prosperity, we must find out how you can make the time to take actions towards that goal as well as what specific areas of your life best serve that goal. And the way to do this is by creating your unique ability circle. Unique ability and much of what I share here is once again a wonderful brain-child of **Dan Sullivan**. (You can create your own UA Circle by following the directions that follow or get your copy at www.thebetterlife.com under the book resources tab) Take a piece of paper and draw a small circle in the center of the page. Then draw three more circles around it creating three rings. In the middle of the first circle write the words, "unique ability". (I'll explain this in more detail soon) In the next ring, write "excellent". In the next ring, write "good". Then in the last ring, write "stink"[2].

58.     In another part of the book, Graziosi described his source for "The Dan Sullivan Question" (aka "The R-Factor Question") as follows:

---

[2] *Millionaire Success Habits* (p. 115-118)

13

The Dan Sullivan Question (aka The R-Factor Question): "**Dan Sullivan**, one of my mentors, taught me the following activity, and it was an immediate game changer for me and for the thousands of people I've shared it with. Imagine it's one year from today and when looking back over the past year, you realize that it was the best year of your life. What does that look like to you?[3]

59.    In another part of the book, Graziosi described his source for "The D.O.S. Conversation," "D.O.S.," and "The D.O.S. Worksheet." Here, he further discloses concepts learned from Strategic Coach material, and again instructs the reader to obtain a copy of Strategic Coach's copyrighted worksheets at *his* website:

One way is the "D. O. S. Conversation"—it stands for Dangers, Opportunities, Strengths. This is one of those exercises I learned many years ago from **Dan Sullivan** and that's why this chapter is dedicated to him…To do this exercise, you can go to www.thebetterlife.com and use the DOS worksheet. However, if you just want to create your own worksheet, make three columns with one small line at the top for the DOS headers. Then on the header line, write DANGERS on the left, OPPORTUNITIES in the middle, and STRENGTHS on the right.[4]

60.    Furthermore, while Graziosi has admitted that Defendants' coaching services use confidential information and literature received from Strategic Coach, his courses are often less expensive than Strategic Coach's. Graziosi even openly states that his services are cheaper than those of Strategic Coach, therefore informing the public that one can acquire the benefit of Strategic Coach's programs from him instead of from Strategic Coach, and at a much cheaper price. In one instance, in a video titled "Top 10 Habits to Revolutionize Your Life" available on YouTube, Graziosi stated as follows:

"I pay Dan Sullivan from Strategic Coach twenty-five grand a year, I'm heading towards ten years with him…heading toward 250 grand…worth every friggin dime…And Dan Sullivan… one of the things he says is 'I'm a high paid reminder service for you'…Except I'm a **lot less paid for you guys** than what Dan Sullivan charges me. Secondly, he wants… and I want you to

---

[3] *Millionaire Success Habits* (p. 131)

[4] *Millionaire Success Habits* (p. 113-116)

14

work in your Unique Ability…The last thing that Dan says is 'you pay me to protect your confidence.'"[5]

61.     Graziosi also previously stated that his audience is paying "peanuts" compared to what he is paying at Strategic Coach to learn the concepts and ideas he [Graziosi] is teaching his audience.[6]

62.     Defendants' courses appear to be generally less expensive than Strategic Coach's, which typically cost $25,000 per year. For example, DGAchieve is offered for only $47 per month.[7]

63.     Many of Defendants' videos are also posted for free online, presumably as marketing tools for Defendants.

64.     Defendants' acts complained of herein have resulted in and will continue to result in significant irreparable harm to Strategic Coach.  Defendants' unauthorized reproductions, presentations, distributions, transmissions, and commercial uses of Strategic Coach's proprietary and confidential information,  the unauthorized copying and distribution of the literary materials reflected in the SC Works, and the unauthorized use of Strategic Coach's SC Marks, directly harms Strategic Coach by taking away students and customers who could have participated in Strategic Coach's programs instead of those offered by Defendants.  Moreover, Defendants' inferior counterfeits of Strategic Coach's methods and original publications have spoiled the market by creating the false impression that entrepreneurial coaching services are but ineffective gimmicks.

65.     An internet search reveals numerous complaints regarding Graziosi.  Such complaints reference Graziosi's coaching service as a "scam."  For example, the website dirtyscam.com has an entire section devoted to Dean Graziosi, which is widely available for public viewing at https://dirtyscam.com/reviews/dean-graziosi/.

---

[5] Available at: https://www.youtube.com/watch?v=s_O2YLRCFc8#action=share at app. min. 7:45 (accessed 2/4/20)

[6] See dgachieve week 4 (available to members at dgachieve.com)

[7] Available at: https://dgachieve.com/joining-dgic-dg (accessed 2/4/20)

66.     Upon information and belief, despite their inferior quality and discounted price, Defendants' competing coaching goods and services have generated substantial revenues for Defendants.

67.     To the extent Defendants have been able to generate revenue through their unauthorized uses of information and materials obtained from and used by Strategic Coach, such revenue is the product of unjust enrichment.

**Strategic Coach's Attempts to Find An Amicable Resolution With Defendants**

68.     Before filing this lawsuit, Strategic Coach has made several attempts to find an amicable resolution with Defendants.  For example:

- On May 13, 2019, Strategic Coach communicated a demand to Graziosi that Defendants cease any further unauthorized uses of Strategic Coach's proprietary information and materials complained of herein, including the SC Works and SC Marks.  In response, on the same day, Graziosi represented to Strategic Coach that he would check if anything was being used without authorization,  cease such unauthorized uses, and remove the unauthorized materials from Defendants' online courses. Graziosi further stated that he is "sorry that this wasn't a 'cool he's letting the world know who teaches him' thing."  A copy of the May 13, 2019 correspondence is attached hereto as **Exhibit 5**.

- After noticing that Defendants did not cease their unauthorized uses of Strategic Coach's proprietary information and materials, including the SC Works and SC Marks, on June 25, 2019, Strategic Coach again asked Graziosi to cease unauthorized uses of Strategic Coach's proprietary information.  In response, on July 12, 2019, Graziosi again represented that the unauthorized materials would be removed from distribution. A copy of the June 25, 2019 and July 12, 2019 correspondence is attached hereto as **Exhibit 6**.

- After noticing that Defendants did not cease their unauthorized uses of Strategic Coach's proprietary information and materials, including the SC

Works and SC Marks, on July 15, 2019, an email was sent from Strategic Coach to Graziosi in order to inform him that there remained material that needed to be removed. A copy of the July 15, 2019 correspondence is attached hereto as **Exhibit 7**.

69.     On August 13, 2019, Strategic Coach raised with Graziosi the issue of Graziosi's book *Millionaire Success Habits* which discussed Strategic Coach's concepts and strategies without authorization.  Strategic Coach also notified Graziosi that his actions constituted trademark and copyright infringement.  Strategic Coach also requested  Graziosi not to send customers to Defendants' website as a means to download Strategic Coach's original documents and worksheets, which bore the SC Marks, but omitted Strategic Coach's copyright and trademark notifications.

70.     On September 23, 2019, Strategic Coach requested Graziosi to cease distribution of the existing copies of his book *Millionaire Success Habits*.

71.     While Defendants have previously temporarily removed public access to some of their infringing content after receiving Strategic Coach's complaints, such access has since been restored.  To date, Defendants' violations complained of herein continue to persist.

## FIRST CAUSE OF ACTION

### Copyright Infringement

### (17 U.S.C. §§ 101 *et seq.*)

72.     Strategic Coach incorporates all of the above paragraphs as if fully set forth herein.

73.     Strategic Coach is the author, publisher, and claimant of many original publications that Strategic Coach has developed and made available to its coachees over the last 30 years.

74.     Strategic Coach's original publications include the instructional documents and worksheets reflected in the SC Works.  The SC Works are currently registered with the U.S. Copyright Office.

75.    To provide notice to others of its copyrights in the SC Works, Strategic Coach has routinely affixed copyright notices where appropriate.

76.    Graziosi gained access to the SC Works when he participated in Strategic Coach's coaching programs.

77.    Upon information and belief, BBG and Dean Enterprises gained access to the SC Works through Grazisoi.

78.    Upon information and belief, without Strategic Coach's consent, Defendants copied and/or caused others to copy protectable elements of the SC Works, and disseminated such infringing copies to members of the public for Defendants' profit.

79.    Upon information and belief, Defendants have infringed Strategic Coach's copyrights in the SC Works by manufacturing, creating, making, and/or developing infringing and/or derivative works from the SC Works and by reproducing, and/or distributing infringing copies or derivative works thereof.

80.    Each of Defendants' copying and distribution of substantially similar versions of the SC Works violates Strategic Coach's exclusive rights under the Copyright Act, 15 U.S.C. § 106, including the exclusive rights to produce, reproduce, and distribute copies of the SC Works, and to create derivative works.

81.    Each of Defendants' copying and distribution of substantially similar versions of the SC Works constitutes a willful act of copyright infringement.

82.    Due to Defendants' acts of infringement, Strategic Coach has suffered damages in an amount to be established at trial.

83.    Due to Defendants' acts of infringement as alleged herein, Defendant has received profits it would not otherwise have realized but for its infringement of the SC Works.  As such, Strategic Coach is entitled to statutory damages and/or disgorgement of Defendants' profits attributable to the infringement of the SC Works in an amount to be established at trial.

84.    Upon information and belief, Defendants have infringed Strategic Coach's copyrights with actual or constructive knowledge of Strategic Coach's rights such that

1  said acts of copyright infringement were, and continue to be, willful, intentional and

2  malicious.

3       85.     Each of Defendants' acts of copyright infringement has caused and is

4  causing irreparable injury to Strategic Coach for which there is no adequate remedy at

5  law. Strategic Coach will continue to suffer irreparable harm unless this Court restrains

6  Defendants from infringing the SC Works. Accordingly, Strategic Coach is entitled to

7  temporary, preliminary, and permanent injunctive relief pursuant to 17 U.S.C. § 502(a).

8       86.     Strategic Coach is entitled to an award of costs and reasonable attorneys'

9  fees pursuant to 17 U.S.C. § 505.

10  ## SECOND CAUSE OF ACTION

11  ### Infringement of Federally Registered Trademarks

12  ### (15 U.S.C. § 1114)

13      87.     Strategic Coach incorporates all of the above paragraphs as if fully set

14  forth herein.

15      88.     In connection with its entrepreneurial coaching goods and services,

16  Strategic Coach has adopted, used in U.S. commerce, and registered with the USPTO

17  the SC Marks reflected in the SC Registrations.

18      89.     The SC Registrations are owned by Strategic Coach and are live and

19  subsisting.

20      90.     Many of the SC Registrations are currently incontestable under 15 U.S.C.

21  § 1065.

22      91.     The SC Registrations entitle Strategic Coach to make exclusive use of

23  these marks in connection with the goods and services for which they are registered.

24      92.     Upon information and belief, long after Strategic Coach obtained the SC

25  Registrations, Defendants started to use and continue to use the SC Marks reflected in

26  the SC Registrations in connection with the advertising and sales of Defendants' own

27  competing entrepreneurial coaching goods and services in the same channels of trade as

28  those in which Strategic Coach's goods and services are offered.

93.    Defendants' use of the SC Marks reflected in the SC Registrations, and marks which are confusingly similar thereto, is likely, when used in connection with Defendants' entrepreneurial coaching services and related products, to cause confusion, or to cause mistake, or to deceive the consuming public about the source of Defendants' goods or services or about Defendants' affiliation with, endorsement by, or approval of Strategic Coach.

94.    In view of the foregoing, Defendants have infringed and continue to infringe the SC Registrations in violation of the Lanham Act, U.S.C. § 1114.

95.    Upon information and belief, Defendants' acts complained of herein were undertaken with knowledge or notice of Strategic Coach's rights in the SC Marks and the SC Registrations.

96.    Upon information and belief, Defendants' violations have been and continue to be willful and intentional.

97.    Defendants' unlawful acts have caused Strategic Coach irreparable injury. By reason of all the foregoing circumstances as described herein, Strategic Coach has been, and now is, and, unless the relief herein prayed for is granted, will hereafter be hindered or unlawfully interfered with by Defendants' use of the SC Marks reflected in the SC Registrations, and marks confusingly similar thereto, in connection with Defendants' competing entrepreneurial coaching products and services.

98.    Strategic Coach is informed and believes that unless the said conduct is enjoined by this Court, Defendants will continue and expand these activities to the continued and irreparable injury of Strategic Coach.  This injury includes a reduction in the distinctiveness of Strategic Coach's SC Marks reflected in the SC Registrations, diversion of Strategic Coach's customers and trade, interference with Strategic Coach's reasonable zone of expansion, causing others to believe that the SC Marks may be appropriated for their use, and injury to Strategic Coach's reputation that cannot be remedied through damages, and therefore Strategic Coach has no adequate remedy at law.

99.     As a result, Strategic Coach is entitled to an injunction restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the SC Marks reflected in the SC Registrations, and any colorable imitations thereof.

100.    Strategic Coach is also entitled to recover (i) Defendants' profits, (ii) Strategic Coach's ascertainable damages, and (iii) Strategic Coach's costs of suit. Defendants' willful use of the SC Marks reflected in the SC Registrations without excuse or justification entitles Strategic Coach to its reasonable attorney fees.

## THIRD CAUSE OF ACTION

### False Designation of Origin and Unfair Competition

### (15 U.S.C. § 1125(a))

101.    Strategic Coach incorporates all of the above paragraphs as if fully set forth herein.

102.    Strategic Coach has adopted and used in U.S. commerce the SC Marks in connection with entrepreneurial coaching goods and services.

103.    The SC Marks come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Strategic Coach.

104.    Upon information and belief, long after Strategic Coach adopted and used in U.S. commerce the SC Marks, Defendants started using the SC Marks in U.S. commerce to advertise, offer, and provide competing entrepreneurial coaching goods and services.

105.    Through their adoption and continued willful use of the SC Marks, or of marks which are confusingly similar thereto, in connection with entrepreneurial coaching goods and services that are identical to, similar to, or related to, or within the zone of natural expansion of those offered by Strategic Coach under its own SC Marks, Defendants have knowingly caused goods and/or services to enter into commerce with a false designation of origin, false and/or misleading description or representation of goods and/or services in commerce, with knowledge of the falsity, which is likely to

21

cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origin of Defendants' goods and services, and related commercial activities, in violation of 15 U.S.C. § 1125(a).

106.    This false designation of origin has caused and continues to cause irreparable damage to Strategic Coach, and it deceives the public.

107.    Defendants' unlawful acts have caused irreparable injury to Strategic Coach, and will, unless restrained, further impair, if not destroy, the SC Marks and their goodwill, and Strategic Coach has no adequate remedy at law.

108.    Strategic Coach is entitled to an injunction restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the SC Marks, and any colorable imitation thereof.

109.    Strategic Coach is also entitled to recover (i) Defendants' profits, (ii) Strategic Coach's ascertainable damages, and (iii) Strategic Coach's costs of suit. Defendants' willful use of the SC Marks without excuse or justification entitles Strategic Coach to its reasonable attorney fees.

## FOURTH CAUSE OF ACTION

### False Advertising

### (15 U.S.C. § 1125(a))

110.    Strategic Coach incorporates all of the above paragraphs as if fully set forth herein.

111.    As more fully set forth above, Defendants, through their infringing uses of the SC Marks and statements made in the advertisement of goods and services offered under such infringing marks falsely suggest that Defendants have a connection to the SC Marks and their long-established history.  The purchasing public is likely to be deceived as to Defendants' affiliation with Strategic Coach and its entrepreneurial coaching goods and services, and therefore, to use Defendants' services and purchase Defendants' products in reliance on those erroneous beliefs.

112.    As a direct and proximate result of Defendants' illegal activities as alleged above, Strategic Coach has been severely damaged.  Defendants' aforesaid acts have caused, and will continue to cause, irreparable harm to Strategic Coach unless enjoined by this Court.

## FIFTH CAUSE OF ACTION

### Breach of Contract

113.    Strategic Coach incorporates all of the above paragraphs as if fully set forth herein.

114.    The Agreements are valid and enforceable contracts between Strategic Coach and Graziosi.

115.    Pursuant to the Agreements, Graziosi agreed not to disclose or disseminate information or materials provided to him by Strategic Coach during the course of his participation in Strategic Coach's entrepreneurial coaching programs.

116.    Graziosi, with the aid of the remaining Defendants, breached the Agreements by using and disclosing the information and materials provided to him by Strategic Coach for purposes not authorized by the Agreements, all to the detriment of Strategic Coach and its business.

117.    As a direct and proximate result of Graziosi's breaches, Strategic Coach has suffered damages and continues to suffer damages in an amount to be proven at trial.

118.    This is a claim arising out of a contract. Accordingly, Strategic Coach is entitled to an award of its reasonable attorneys' fees and costs pursuant to A.R.S § § 12-341 and 12-341.01, as applicable.

## SIXTH CAUSE OF ACTION

### Unfair Competition and Trademark Infringement Under Arizona Common Law

119.    Strategic Coach incorporates all of the above paragraphs as if fully set forth herein.

120.    As more fully alleged above, by using the SC Marks, or marks confusingly similar thereto in the State of Arizona in connection with entrepreneurial coaching goods

23

and services that are identical to, related to, similar to, or within the zone of natural expansion of, those offered by Strategic Coach under its SC Marks, Defendants have deliberately and willfully sought to trade on Strategic Coach's hard-earned goodwill in their names, marks, and brand, and the reputation established by Strategic Coach in connection with their products and services in order to confuse consumers as to the origin and sponsorship of Defendants' similar and competing goods and services in an effort to pass off such competing goods and services as originating from or being affiliated with Strategic Coach.

121.   Defendants' unauthorized and tortious conduct has deprived, and will continue to deprive, Strategic Coach of the ability to control the consumer perception of the products and services offered under the SC Marks, thereby placing Strategic Coach's valuable reputation and goodwill in Defendants' hands.

122.   Defendants' conduct is likely to cause and, on information and belief, has caused confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and their competing goods and services with Strategic Coach's. Such conduct is further likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval the Defendants and their competing coaching goods and services, Defendants' conduct constitutes a violation of Arizona common law.

123.   As an actual and proximate result of each of Defendants' tortious conduct as alleged herein, Strategic Coach has suffered damages in an amount to be determined at trial. Such damages include, but are not limited to, injury to Strategic Coach's businesses, including loss of membership in its coaching programs, and dilution of the distinctive quality of Strategic Coach's brand and associated marks, as well as, the continuing loss of goodwill and reputation established by Strategic Coach herein.

124.   The continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Strategic Coach has no adequate remedy at law. Strategic Coach will continue to suffer irreparable harm unless this Court

enjoins each of Defendants' conduct. Accordingly, Strategic Coach is entitled to temporary, preliminary, and permanent injunctive relief.

125.    Each of Defendants' tortious conduct alleged herein was willful, reckless, and/or in blatant disregard for Strategic Coach's rights. Therefore, Strategic Coach is additionally entitled to punitive damages in an amount to be determined at trial is appropriate to punish Defendants and deter others from engaging in similar conduct.

## SEVENTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

126.    Strategic Coach incorporates all of the above paragraphs as if fully set forth herein.

127.    In addition to the express terms of the Agreements, there exists an implied covenant of good faith and fair dealing that prohibits Graziosi from acting in such a way as to deprive Strategic Coach of the benefits of the Agreements.

128.    Graziosi breached the implied covenant of good faith and fair dealing by, among other things, using the information and materials provided to Graziosi by Strategic Coach in order to develop, improve, advertise, and/or sell competing services.

129.    Graziosi further breached the implied covenant of good faith and fair dealing by, among other things, using Strategic Coach's confidential information to promote and sell competing coaching goods and services.

130.    As a direct and proximate result of Graziosi's breaches of the implied covenant of good faith and fair dealing, Strategic Coach has suffered damages in an amount to be determined at trial.

131.    This is a claim arising out of a contract. Accordingly, Strategic Coach is entitled to an award of its reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, as applicable.

## PRAYER FOR RELIEF

WHEREFORE, Strategic Coach prays for judgment as follows:

1.    Judgment in Strategic Coach's favor and against Defendant on all causes of action alleged herein;

2.    For damages in an amount to be further proven at trial, including trebling of all damages awarded with respect to infringement of Strategic Coach's trademarks and copyrights;

3.    For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504;

4.    For Attorney's fees and costs pursuant to 17 U.S.C. § 505;

5.    For statutory damages of $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117;

6.    For Defendant to be ordered to remove from use any web sites, physical or electronic advertisements, collateral, or promotional materials bearing any infringing marks and/or works;

7.    For preliminary and permanent injunctive relief;

8.    For disgorgement of Defendants' profits

9.    For judgment that this is an exceptional case;

10.    For punitive damages;

11.    For restitution;

12.    For costs of suit incurred herein;

13.    For prejudgment interest;

14.    For attorneys' fees and costs A.R.S. §§ 12-341 and 12-341.01, as applicable; and

15.    For such other and further relief as the Court may deem to be just and proper.

## **DEMAND FOR JURY TRIAL**

Strategic Coach hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

26

1    DATED this 26th day of February, 2020.

2                                    OSBORN MALEDON, P.A.

3

4                              s/ Eric M. Fraser

5                              Eric M. Fraser
                               2929 N. Central Avenue, Suite 2100
6                              Phoenix, Arizona  85012-2793

7                              CARR & FERRELL LLP
8                              Robert J. Yorio, *pro hac vice* to be filed
                               120 Constitution Drive
9                              Menlo Park, CA 94025

10                             **Attorneys for Plaintiff The Strategic Coach, Inc.**

11    8417356

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27