**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com

Attorneys for Defendants

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Strategic Coach, Inc., a Canadian corporation, | Case No.   2:20-cv-00414-JZB |
| Plaintiff, | Amended Answer and Counterclaim |
| v. | |
| Dean Graziosi, an individual; BBG Enterprises, LLC, a Wyoming limited liability company; and Dean Enterprises, LLC, an Arizona limited liability company, | |
| Defendant. | |

For its Answer to the Complaint, Defendants respond as follows:

1.     Defendants admit that Paragraph 1 states the nature of the claims, but deny all other allegations of Paragraph 1.

2.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 2 and therefore deny the same.

3.     Defendants deny the agreements contain incorporated non-disclosure provisions that bind their signatories not to reproduce, present, distribute, transmit or make commercial use of Strategic Coach's proprietary information and materials without Strategic Coach's authorization.  Defendants deny that the boundaries of the scope of the license granted to Strategic Coach's students and customers to use Strategic

Coach's proprietary materials for their personal private use are unambiguous. Defendants lack sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 3 and therefore deny the same.

4.      Defendants admit that Defendant Graziosi has participated in several of Strategic Coach's entrepreneurial coaching programs beginning in 2010 and as recently as 2019.  Defendants deny the remaining allegations set forth in Paragraph 4.

5.      Defendants deny the allegations of Paragraph 5.

6.      Defendants deny the allegations of Paragraph 6.

7.      Defendants deny the allegations of Paragraph 7.

8.      Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 8 and therefore deny the same.

9.      Defendants admit the allegations of Paragraph 9.

10.      Defendants admit the allegations of Paragraph 10.

11.      Defendants admit the allegations of Paragraph 11.

12.      Defendants deny the allegations of Paragraph 12.

13.      Defendants admit the court has jurisdiction over the matter and deny the remaining allegations set forth in Paragraph 13.

14.      Defendants admit the Court has jurisdiction over Graziosi and deny the remaining allegations set forth in Paragraph 14.

15.      Defendants admit the Court has jurisdiction over BBG and deny the remaining allegations set forth in Paragraph 15.

16.      Defendants admit the Court has jurisdiction over Dean Enterprises and deny the remaining allegations set forth in Paragraph 16.

17.      Defendants admit that venue is property and deny the remaining allegations set forth in Paragraph 17.

18.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 18 and therefore deny the same.

19.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 19 and therefore deny the same.

20.     Defendants deny the allegations of Paragraph 20.

21.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 21 and therefore deny the same.

22.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 22 and therefore deny the same.

23.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 23 and therefore deny the same.

24.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 24 and therefore deny the same.

25.     Defendants deny the allegations of Paragraph 25.

26.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 26 and therefore deny the same.

27.     Defendants lack sufficient knowledge to admit or deny whether the registrations were duly issued as set forth in Paragraph 27 and therefore deny the same.

28.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 28 and therefore deny the same.

29.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 29 and therefore deny the same.

30.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 30 and therefore deny the same.

31.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 31 and therefore deny the same.

1   32.   Defendants deny the allegations of Paragraph 32.

2   33.   Defendants deny the allegations of Paragraph 33.

3   34.   Defendants deny the allegations of Paragraph 34.

4   35.   Defendants deny the allegations of Paragraph 35.

5   36.   Defendants admit the allegations of Paragraph 36.

6   37.   Defendants deny the allegations of Paragraph 37.

7   38.   Defendants lack sufficient knowledge to admit or deny the allegations set
8   forth in Paragraph 38 and therefore deny the same.

9   39.   Defendants admit the allegations of Paragraph 39.

10   40.   Defendants admit that as a condition of being admitted into Strategic
11   Coach's programs, Graziosi was asked to sign and did sign at least eight (8) documents
12   and admits that true and correct copies of the documents are attached to the Complaint
13   but deny the remaining allegations of Paragraph 40.

14   41.   Defendants admit the quoted statement was on the form signed, but deny
15   the allegation in Paragraph 41 that it was an agreement.

16   42.   Defendants deny the allegations of Paragraph 42.

17   43.   Defendants admit the allegations of Paragraph 43 that some materials
18   contained such statements and affirmatively allege that the notice contains false
19   representations regarding the publication date.

20   44.   Defendants deny the allegations of Paragraph 44.

21   45.   Defendants admit the allegations of Paragraph 45.

22   46.   Defendants deny that any part is bolded and admit the remaining
23   allegations of Paragraph 46.

24   47.   Defendants admit the allegations of Paragraph 47.

25   48.   Defendants lack sufficient knowledge to admit or deny the allegations set
26   forth in Paragraph 48 and therefore deny the same.

27

28

JABURG|WILK
Attorneys at Law

1     49.     Defendants deny the allegations of Paragraph 49.

2     50.     Defendants admit the allegations of Paragraph 50.

3     51.     Defendants admit the allegations of Paragraph 51.

4     52.     Defendants deny the allegations of Paragraph 52.

5     53.     Defendants deny the allegations of Paragraph 53.

6     54.     Defendants admit the allegations of Paragraph 54, but deny it was unauthorized.

7     55.     Defendants deny the allegations of Paragraph 55.

9     56.     Defendants admit the allegations of Paragraph 56.

57.     Defendants admit the allegations of Paragraph 57 and affirmatively allege that in 2016, <u>before</u> it was released to the public, Graziosi gave a copy of the *Millionaire Success Habits* book to Dan Sullivan.

58.     Defendants admit the allegations in Paragraph 58.

59.     Defendants admit the allegations in Paragraph 59 but affirmatively allege that critical portions of the quote are missing.

60.     Defendants deny the allegations in Paragraph 60 that Graziosi used confidential information and literature received from Strategic Coach but admits the remaining allegations in Paragraph 60.

61.     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 61 and therefore deny the same.

62.     Defendants admit the allegations in Paragraph 62.

63.     Defendants admit the allegations in Paragraph 63 and affirmatively allege the videos are marketing tools for Plaintiff.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants admit the allegations in Paragraph 65 and affirmatively allege the posts are false.

66.     Defendants deny the allegations in Paragraph 66.

JABURG|WILK
Attorneys at Law

1   67.   Defendants deny the allegations in Paragraph 67.

2   68.   Defendants admit the allegations in Paragraph 68.

3   69.   Defendants deny the allegations in Paragraph 69 that content in Graziosi's
4   book was without authorization but admits the remaining allegations in Paragraph 69.

5   70.   Defendants admit the allegations in Paragraph 70 but affirmatively allege
6   that on November 1, 2019, Strategic Coach agreed that Defendants could have until
7   March 1, 2020, to exhaust inventory of the book.

8   71.   Defendants deny the allegations in Paragraph 71.

9   72.   Defendants repeat and reallege each of its responses contained in
10   Paragraphs 1 through 71 of this Answer.
11

12   73.   Defendants admit the allegations in Paragraph 73.

13   74.   Defendants lack sufficient knowledge to admit or deny the allegations set
14   forth in Paragraph 74 and therefore deny the same.

15   75.   Defendants lack sufficient knowledge to admit or deny the allegations set
16   forth in Paragraph 75 and therefore deny the same.

17   76.   Defendants admit the allegations in Paragraph 76.

18   77.   Defendants admit the allegations in Paragraph 77.

19   78.   Defendants deny the allegations in Paragraph 78.

20   79.   Defendants deny the allegations in Paragraph 79.

21   80.   Defendants deny the allegations in Paragraph 80.

22   81.   Defendants deny the allegations in Paragraph 81.

23   82.   Defendants deny the allegations in Paragraph 82.

24   83.   Defendants deny the allegations in Paragraph 83.

25   84.   Defendants deny the allegations in Paragraph 84.

26   85.   Defendants deny the allegations in Paragraph 85.

27   86.   Defendants deny the allegations in Paragraph 86.

28

JABURG|WILK
Attorneys at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JABURG│WILK
Attorneys at Law

87.    Defendants repeat and reallege each of its responses contained in Paragraphs 1 through 86 of this Answer.

88.    Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 88 and therefore deny the same.

89.    Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 89 and therefore deny the same.

90.    Defendants admit the allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

94.    Defendants deny the allegations in Paragraph 94.

95.    Defendants deny the allegations in Paragraph 95.

96.    Defendants deny the allegations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97.

98.    Defendants deny the allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants repeat and reallege each of its responses contained in Paragraphs 1 through 100 of this Answer.

102.    Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 102 and therefore deny the same.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

1    108.    Defendants deny the allegations in Paragraph 108.

2    109.    Defendants deny the allegations in Paragraph 109.

3    110.    Defendants repeat and reallege each of its responses contained in

4  Paragraphs 1 through 109 of this Answer.

5    111.    Defendants deny the allegations in Paragraph 111.

6    112.    Defendants deny the allegations in Paragraph 112.

7    113.    Defendants repeat and reallege each of its responses contained in

8  Paragraphs 1 through 112 of this Answer.

9    114.    Defendants deny the allegations in Paragraph 114.

10    115.    Defendants deny the allegations in Paragraph 115.

11    116.    Defendants deny the allegations in Paragraph 116.

12    117.    Defendants deny the allegations in Paragraph 117.

13    118.    Defendants deny the allegations in Paragraph 118.

14    119.    Defendants repeat and reallege each of its responses contained in

15  Paragraphs 1 through 118 of this Answer.

16    120.    Defendants deny the allegations in Paragraph 120.

17    121.    Defendants deny the allegations in Paragraph 121.

18    122.    Defendants deny the allegations in Paragraph 122.

19    123.    Defendants deny the allegations in Paragraph 123.

20    124.    Defendants deny the allegations in Paragraph 124.

21    125.    Defendants deny the allegations in Paragraph 125.

22    126.    Defendants repeat and reallege each of its responses contained in

23  Paragraphs 1 through 125 of this Answer.

24    127.    Defendants deny the allegations in Paragraph 127.

25    128.    Defendants deny the allegations in Paragraph 128.

26    129.    Defendants deny the allegations in Paragraph 129.

JABURG|WILK
Attorneys at Law

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations set forth in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses and affirmative defenses described below, and subject to its responses above, Defendant specifically reserves the right to allege additional affirmative defenses that become known through the course of discovery and ongoing litigation.

1.    Defendants repeat and reallege each allegation of this Answer and Counterclaim as if fully set forth herein.

2.    Plaintiff's claims fail because the parties reached an accord and satisfaction on November 1, 2019, in which Plaintiff accepted changes that had been made to Defendants' materials, agreed to a ten-week time frame for Defendants to make revisions to the book, and requested a revised draft manuscript by January 8, 2020.  In reliance on that agreement, Defendants made revisions to their materials and to the book as requested by Plaintiff and submitted those revisions to Plaintiff. Plaintiff further agreed that Defendants could continue to distribute the current book until March 1, 2020. Plaintiff, in contravention of that agreement, filed this lawsuit on February 20, 2020.

3.    Plaintiff's copyright claims are barred by the doctrine of fair use.

4.    Plaintiff's copyright claims are barred because Defendants had an express or implied license to use Plaintiff's copyright protected materials.

5.    Plaintiff's copyright claims are barred because Plaintiff has misused its copyright by making claims of copyright over non-copyrightable portions of its materials to engage in a restraint of trade or other anti-competitive conduct and harm the public.

6.      One or more of Plaintiff's causes of action fail to state a claim upon which relief may be granted.

7.      Plaintiff's trademark claims fail because the SC Trademarks are weak and should be afforded only a narrow scope of protection.

8.      Plaintiff's trademark claims fail because the SC Trademarks are extensively used by third parties and do not identify a single source.

9.      Plaintiff's trademark claims are barred by acquiescence.

10.     Plaintiff's trademark claims are barred because Defendants' use was descriptive fair use or nominative fair use.

11.     Plaintiff's trademark claims are barred by the First Amendment of the United States Constitution.

12.     All or part of Plaintiff's trademark claims are barred because one or more of Plaintiff's marks are functional.

13.     All or part of Plaintiff's trademark claims are barred because Plaintiff's unregistered, common law trademarks are descriptive and have not acquired secondary meaning.

14.     All or part of Plaintiff's trademark claims are barred because one or more of Plaintiff's marks do not function as a trademark.

15.     Plaintiff's equitable trademark claims are barred by Plaintiff's fraud in obtaining the registrations, as is set forth more fully in the Counterclaim which is incorporated herein by reference.

16.     Plaintiff's claims are barred in whole or in part because Defendants have not, by virtue of any of its actions or inaction, directly or proximately caused any damages to Plaintiff.

17.     Alternatively, to the extent Plaintiff suffered any damages, Plaintiff have failed to take the steps necessary to mitigate any damages sustained.

18.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

10

19.     Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

20.     Plaintiff's claims are barred in whole or in party by unclean hands.

21.     One or more of Plaintiff' claims are barred by the statute of limitations.

22.     To the extent that Defendants have infringed any of Plaintiff's trademark rights, such infringement was innocent.

23.     Plaintiff's contract claims are barred by the doctrine of novation in that the parties entered into a subsequent contract.

24.     Plaintiff's contract claims fail because Plaintiff's adhesion contract is unconscionable, or is against public policy.

25.     Plaintiff's contract claims are preempted by copyright law.

26.     Plaintiff's claims are barred because Plaintiff consented to the actions that Plaintiff now claims caused it harm.

27.     Plaintiff waived its claims in that it voluntarily and knowingly relinquished its rights.

28.     Plaintiff's claims are barred by an express, implied, or equitable release.

29.     Defendants reserve the right to assert any other affirmative defense pursuant to Rule 8(c) and 12, Fed. R. Civ. P., if facts should be revealed during the course of discovery that would support assertion of those defenses.

Having fully answered Plaintiff's Complaint, Defendants request the following relief:

A.     That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

B.     That Defendants be awarded their attorney fees and costs, pursuant to A.R.S. § 12-341.01, 17 U.S.C. §505 and/or 15 U.S.C. §1117; and

C.     For such other and further relief as the Court deems just and proper.

JABURG|WILK
Attorneys at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JABURG|WILK
Attorneys at Law

## COUNTERCLAIM

For their counterclaim, Dean Graziosi, BBG Enterprises, LLC, and Dean Enterprises ("Counterclaimants") allege as follows:

**Count I**
**For an Order Directing the**
**Cancellation of "The 4 C's Formula"**

1.      Counterclaimants repeat and reallege each allegation of this Answer and Counterclaim as if fully set forth herein.

2.       The Strategic Coach ("SC") has alleged that Counterclaimants have infringed the registered trademark, THE 4 C'S FORMULA and otherwise engaged in unfair competition under the Lanham Act and under Arizona common law with respect to the Registered Trademark.

3.      As defendants to the trademark and unfair competition claims asserted by SC, Counterclaimants have standing to challenge the validity of the registration of THE 4 C'S FORMULA (the "4 C Registration").

4.      Under 15 U.S.C. §1119, in any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. This count seeks cancellation of the 4 C Registration on grounds that (1) the mark comprises matter that is functional; (2) the mark has been abandoned because there was no use of mark in commerce before the application was filed and has not been any use or intent to resume use in the United States following the reliance on a foreign registration; (3) the matter fails to function as a trademark; (4) the mark is not inherently distinctive and has not acquired distinctiveness; (5) SC committed fraud on the USPTO; and (6) the mark is merely the title of a single creative work.

JABURG | WILK
Attorneys at Law

5.     THE 4 C'S FORMULA comprises matter that, as a whole, is functional because, as is illustrated in the card depicted below, it is not a source indicator and, rather it is functional matter (a formula) that affects the cost or quality of the product.



6.     SC is attempting to use the trademark registration of THE 4 C's FORMULA to circumvent 17 U.S.C. §102(b).

7.     There has been no use of THE 4 C'S FORMULA in the United States in connection with pre-recorded DVDs and pre-recorded compact discs featuring instructional guides for use with professional and personal development training programs.

8.     The only use of THE 4 C'S FORMULA in the United States in connection with electronic publications, namely, manuals and books recorded on computer media, featuring instructional guides for use with professional and personal development training programs has been a single audio book, which is insufficient use as it is the title of a single creative work.

9. There has been no use of THE 4 C'S FORMULA in the United States in connection with educational software for professional and personal development training programs.

10. There has been no use of THE 4 C'S FORMULA in the United States in connection with computer application software for use with professional and personal development training programs.

11. The only use of THE 4 C'S FORMULA in the United States in connection with downloadable electronic books in the field of professional and personal development has been a single audio book, which is insufficient as it is the title of a single creative work.

12. There has been no use of THE 4 C'S FORMULA in the United States in connection with printed manuals in the field of professional and personal development training programs.

13. The only use of THE 4 C'S FORMULA in the United States in connection with books in the field of professional and personal development has been a single book, which is insufficient as it is the title of a single creative work.

14. There has been no use of THE 4 C'S FORMULA in the United States in connection with business management consulting services.

15. There has been no use of THE 4 C'S FORMULA in the United States in connection with educational services, namely, providing seminars, workshops and private study programs in the field of professional and personal development.

16. There has been no use of THE 4 C'S FORMULA in the United States in connection with a platform as a service (PAAS) featuring online interactive computer software platforms for use with professional and personal development training programs.

17. SC uses THE 4 C'S FORMULA in a manner that fails to function as a trademark.

14

18.     THE 4 C'S FORMULA is merely descriptive and has not acquired distinctiveness.

19.     THE 4 C'S FORMULA is merely the title of a single creative work.

20.     During the prosecution of the application for THE 4 C'S FORMULA before the United States Patent and Trademark Office ("USPTO"), SC instructed and caused SC's trademark attorney, Steven T. Zuschlag, to file an application including a statement of use in commerce, under penalty of fine or imprisonment (or both), attesting that "The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services."

21.     The identified goods and services were:

IC 009: Pre-recorded DVDs and pre-recorded compact discs featuring instructional guides for use with professional and personal development training programs; electronic publications, namely, manuals and books recorded on computer media, featuring instructional guides for use with professional and personal development training programs; educational software for professional and personal development training programs; computer application software for use with professional and personal development training programs; downloadable electronic books in the field of professional and personal development.

IC 016: Printed manuals in the field of professional and personal development training programs; books in the field of professional and personal development

IC 035: Business management consulting services

IC 041: Educational services, namely, providing seminars, workshops and private study programs, all in the field of professional and personal development

IC 042: Platform as a service (PAAS) featuring online interactive computer software platforms for use with professional and personal development training programs.

22.     SC intended for the USPTO to rely upon the statements of use in making its decision whether to issue the 4 C Registration.

23.     Upon information and belief, this statement was materially false because SC did not intend to use THE 4 C'S FORMULA in commerce in the United States in connection with all of the identified goods and services at the time of the application.

24.     Upon information and belief, the statements of use made to the USPTO were knowingly false because SC, which was represented by trademark counsel, knew that The 4 C's Formula was the title of a single creative work and was not and would not be used as a trademark in connection with any of the other listed goods or services.

25.     The statements were made with the intent that the USPTO rely on the statement in issuing  the 4 C Registration.

26.     Based on the foregoing, the Court should direct the cancellation or partial cancellation of the 4 C Registration.

**Count II**
**For an Order Directing the**
**Cancellation of the Remaining SC Registrations**
**on the Grounds of Fraud on the USPTO**

27.     Counterclaimants repeat and reallege each allegation of this Answer and Counterclaim as if fully set forth herein.

28.     The Strategic Coach ("SC") has alleged that Counterclaimants have infringed the registered trademarks, THE DAN SULLIVAN QUESTION; D.O.S.; LARGEST CHEQUE; THE D.O.S. CONVERSATION; THE POSITIVE FOCUS; UNIQUE ABILITY; FREE DAYS, FOCUS DAYS, BUFFER DAYS; THE ENTREPRENEURIAL TIME SYSTEM; THE UNIQUE METHOD.

29.     As defendants to the trademark and unfair competition claims asserted by SC, Counterclaimants have standing to challenge the validity of the registrations of each of the above-listed trademarks (the "SC Registrations").

30.     Under 15 U.S.C. §1119, in any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.

31.     During the prosecution of the applications leading to the SC Registrations before the United States Patent and Trademark Office ("USPTO"), SC instructed and caused SC's agents to file applications under penalty of fine or imprisonment (or both),

16

1  attesting that each mark was in use in commerce on or in connection with the listed

2  goods and services.

3        32.    During the process of renewing the SC Registrations with the United

4  States Patent and Trademark Office ("USPTO"), SC instructed and caused SC's agents

5  to file Declarations of Use and Incontestability, under penalty of fine or imprisonment

6  (or both), attesting that "the mark is in use in commerce on or in connection with **all** of

7  the goods/**all** of the services… listed in the existing registration for this specific

8  class...; **and** the mark has been continuously used in commerce for five (5) consecutive

9  years after the date of registration, or the date of publication under Section 12(c), and is

10  still in use in commerce on or in connection with **all** goods/**all** services...”

11        33.    SC intended for the USPTO to rely upon the statements of use in making

12  its decision whether to issue the SC Registrations.

13        34.    Upon information and belief, these statements as to THE DAN

14  SULLIVAN QUESTION were materially false because SC only used THE DAN

15  SULLIVAN QUESTION, if at all, in connection with the title of a single creative work

16  and/or in a descriptive manner to describe an actual question and not as a source

17  identifier in connection with the stated services.

18        35.    Upon information and belief, SC's  statements to the USPTO as to D.O.S.

19  were materially false because SC only used and uses D.O.S., if at all, as part of various

20  phrases and not in a manner that functions as a source indicator.

21        36.    SC used something called "The D.O.S. Worksheet" as a memory tool to

22  teach course participants to identify their biggest dangers to be eliminated, biggest

23  opportunities to be focused on and captured, and biggest strengths to be reinforced and

24  maximized.

25        37.    Upon information and belief SC never used D.O.S. as a brand or source

26  identifier.

27

28

JABURG|WILK
Attorneys at Law

38.     Upon information and belief, SC's statements to the USPTO as to LARGEST CHEQUE were materially false because SC never used it as a source identifier in connection with the stated services.

39.     Upon information and belief, SC's statements to the USPTO as to THE D.O.S. CONVERSATION were materially false because SC never used THE D.O.S. CONVERSATION as a trademark.

40.     Upon information and belief, SC's statements to the USPTO as to THE POSITIVE FOCUS were materially false because SC never used THE POSITIVE FOCUS as a source identifier in connection with any of the stated goods or services and only used THE POSITIVE FOCUS as a phrase within a diagram and as the title of a mostly blank form, which SC considered to be a "tool" or worksheet.

41.     SC also distributed a workbook and audio cassette entitled *The 21 Day Positive Focus* indicating that SC may have registered only a portion of a title that it used.

42.     Upon information and belief, SC's statements to the USPTO as to UNIQUE ABILITY were materially false because SC only used UNIQUE ABILITY, if at all, as the title of a single creative work or as part of a title of a single creative work or in a sentence and not as a source identifier in connection with the stated services.

43.     Upon information and belief, SC's statements to the USPTO as to FREE DAYS, FOCUS DAYS, BUFFER DAYS were materially false because SC only used FREE DAYS, FOCUS DAYS, BUFFER DAYS, if at all, as the segments of a pie chart and later as a title of a newsletter and a single workshop and not as a source identifier in connection with the stated services.

44.     Upon information and belief, SC's statements to the USPTO as to THE ENTREPRENEURIAL TIME SYSTEM were materially false because SC only used THE ENTREPRENEURIAL TIME SYSTEM, if at all, as the title of a single creative work and as the title of a time system and not as a source identifier in connection with all of the stated services.

45.     Upon information and belief, SC's statements to the USPTO as to THE UNIQUE METHOD were materially false because SC only used THE UNIQUE METHOD, if at all, as the title of a single creative work and as the title of a form or tool and not as a source identifier in connection with all of the stated services.

46.     Upon information and belief, SC's statements to the USPTO regarding use were knowingly false and made with the intent to deceive the USPTO in order to procure or maintain the respective registrations and incontestability status.

47.     Based on the foregoing, the Court should direct the cancellation or partial cancellation of each of the SC Registrations.

**Count III**
**For an Order Directing the**
**Cancellation of the Remaining SC Registrations**
**on Grounds Other Than Fraud on the USPTO**

48.     Counterclaimants repeat and reallege each allegation of this Answer and Counterclaim as if fully set forth herein.

49.     This count seeks cancellation of the registration of D.O.S. on grounds that it comprises matter that is functional as it is merely an acronym that is used as a memory tool and not to identify a source.

50.     To the extent that SC was using the marks in the SC Registrations, it has abandoned and discontinued offering any goods or services under the trademarks D.O.S.; THE D.O.S. CONVERSATION; LARGEST CHEQUE; THE POSITIVE FOCUS; FREE DAYS, FOCUS DAYS, BUFFER DAYS; THE ENTREPRENEURIAL TIME SYSTEM; THE UNIQUE ABILITY DEVELOPER; and THE UNIQUE METHOD and has no intent to resume such use.

51.     SC abandoned LARGEST CHEQUE because its only current use of the phrase "The Largest Cheque" is in its course materials as the title of a column of a worksheet.

52.     SC has abandoned FOCUS DAYS, BUFFER DAYS, FREE DAYS because SC's only current use of any portion of this phrase to use FOCUS DAYS or BUFFER DAYS and/or FREE DAYS by themselves in the content of course materials, rather than in the full phrase or to use the purported trademark in a sentence in course materials such as, "Evaluate your Free, Focus and Buffer Days"

53.     SC has abandoned THE ENTREPRENEURIAL TIME SYSTEM because SC's only current use of "The Entrepreneurial Time System" is as the title of a column in a worksheet and a weekly planner.

54.     There is no other evidence of use of the marks listed in Paragraph 28 in the United States in interstate commerce.

55.     As is set forth more fully in Count II, SC did not use the marks that were the subject of the SC Registrations in commerce before the application or, as applicable, the statement of use was filed making the SC Registrations void *ab initio*.

56.     Based on the foregoing, the Court should direct the cancellation or partial cancellation of each of the SC Registrations.

WHEREFORE, Counterclaimants respectfully request that this Court enter judgment in their favor and against SC as follows:

A.      Entering an order canceling each of the 4C and SC Registrations;

B.      Entering an order partially canceling each of the 4C and SC Registrations;

C.      Awarding Counterclaimants their costs and attorneys' fees incurred in connection with this matter to the extent appropriate under 15 U.S.C. §1117(a); and

D.      Granting such other and further relief as this Court deems just and appropriate under the circumstances.

. . . .

. . . .

. . . .

20

DATED this 7th day of April, 2020.

**Jaburg & Wilk, P.C.**

/s/Maria Crimi Speth
Maria Crimi Speth
Aaron K. Haar
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendants

*Certificate of Service*

I hereby certify that on the 7th day of April, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eric M. Fraser
Osborn Maledon, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012
efraser@omlaw.com

Robert J. Yorio
Carr & Ferrell LLP
120 Constitution Drive
Menlo Park, California  94025
yorio@carrferrell.com

Attorneys for Plaintiff

/s/Debra Gower