Brett L. Dunkelman, 006740
Eric M. Fraser, 027241
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9000
bdunkelman@omlaw.com
efraser@omlaw.com

Robert J. Yorio, admitted *pro hac vice*
CARR & FERRELL LLP
120 Constitution Drive
Menlo Park, CA 94025
(650) 812-3400
yorio@carrferrell.com

**Attorneys for Plaintiff Strategic Coach, Inc.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Strategic Coach, Inc., a Canadian corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>Dean Graziosi, an individual; BBG Enterprises, LLC, a Wyoming limited liability company; and Dean Enterprises, LLC, an Arizona limited liability company,<br><br>          Defendants. | Case No. 2:20-cv-00414-DLR<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIM**<br><br>**(Jury trial demanded)** |

For its Answer to the Amended Counterclaim of defendants and counterclaimants Dean Graziosi ("**Graziosi**"), BBG Enterprises, LLC ("**BBG**"), and Dean Enterprises, LLC ("**Dean Enterprises**") (collectively, "**Defendants**"), plaintiff and counterclaim-defendant The Strategic Coach, Inc. ("**Strategic Coach**" or "**Plaintiff**"), by and through its attorneys, responds as follows:

## Count I
### For An Order Directing the Cancellation of "The 4 C's Formula"

1. Plaintiff denies any substantive allegations Defendants attempted to incorporate by reference in Paragraph 1.

2. Plaintiff admits the allegations of Paragraph 2.

3. Paragraph 3 states a legal conclusion for which no response is required.

4. Plaintiff admits that Count 1 purports to request an order cancelling Plaintiff's registration for the mark THE 4 C'S FORMULA. Plaintiff denies the remaining factual allegations of Paragraph 4. Paragraph 4 also states a legal conclusion for which no response is required.

5. Plaintiff denies the allegations of Paragraph 5.

6. Plaintiff denies the allegations of Paragraph 6.

7. Plaintiff denies the allegations of Paragraph 7.

8. Plaintiff denies the allegations of Paragraph 8.

9. Plaintiff denies the allegations of Paragraph 9.

10. Plaintiff denies the allegations of Paragraph 10.

11. Plaintiff denies the allegations of Paragraph 11.

12. Plaintiff denies the allegations of Paragraph 12.

13. Plaintiff denies the allegations of Paragraph 13.

14. Plaintiff denies the allegations of Paragraph 14.

15. Plaintiff denies the allegations of Paragraph 15.

16. Plaintiff denies the allegations of Paragraph 16.

17. Paragraph 17 states a legal conclusion for which no response is required.

18. Plaintiff denies the allegations of Paragraph 18.

19. Plaintiff denies the allegations of Paragraph 19.

20. Plaintiff admits that pursuant to SC's request, Mr. Zuschlag filed an application to register the mark THE 4 C'S FORMULA which contained the attestation recited in Paragraph 20. Plaintiff denies the remaining allegations of Paragraph 20.

21. Plaintiff admits the allegations of Paragraph 21.

22. Plaintiff admits the allegations of Paragraph 22.

23. Plaintiff denies the allegations of Paragraph 23.

24. Plaintiff denies the allegations of Paragraph 24.

25. Plaintiff admits the allegations of Paragraph 25.

26. Paragraph 26 states a legal conclusion for which no response is required. Plaintiff denies that Defendants are entitled to their requested remedy.

### Count II
### For An Order Directing the
### Cancellation of the Remaining SC Registrations
### on the Grounds of Fraud on the USPTO

27. Plaintiff incorporates by reference the responses asserted in the foregoing paragraphs.

28. Plaintiff admits the allegations of Paragraph 28.

29. Paragraph 29 states a legal conclusion for which no response is required.

30. Paragraph 30 states a legal conclusion for which no response is required.

31. Plaintiff admits that pursuant to SC's request, SC's agents filed the applications leading to the SC Registrations. Plaintiff denies the remaining allegations of Paragraph 31.

32. Plaintiff admits that pursuant to SC's request, SC's agents filed Declarations of Use and Incontestability, which included the attestation recited in Paragraph 32. Plaintiff denies the remaining allegations of Paragraph 32.

33. Plaintiff admits the allegations of Paragraph 33.

1   34.  Plaintiff denies the allegations of Paragraph 34.
2   35.  Plaintiff denies the allegations of Paragraph 35.
3   36.  Plaintiff admits that it used "The D.O.S. Worksheet," among other things, as the title for certain instructional materials distributed in connection with Plaintiff's coaching services. Plaintiff denies the remaining allegations of Paragraph 36.
4   37.  Plaintiff denies the allegations of Paragraph 37.
5   38.  Plaintiff denies the allegations of Paragraph 38.
6   39.  Plaintiff denies the allegations of Paragraph 39.
7   40.  Plaintiff denies the allegations of Paragraph 40.
8   41.  Plaintiff admits that it distributed a workbook and audio cassette entitled "The 21 Day Positive Focus." Plaintiff denies the remaining allegations of Paragraph 41.
9   42.  Plaintiff denies the allegations of Paragraph 42.
10  43.  Plaintiff denies the allegations of Paragraph 43.
11  44.  Plaintiff denies the allegations of Paragraph 44.
12  45.  Plaintiff denies the allegations of Paragraph 45.
13  46.  Plaintiff denies the allegations of Paragraph 46.
14  47.  Paragraph 47 states a legal conclusion for which no response is required. Plaintiff denies that Defendants are entitled to their requested remedy.

**Count III**
**For An Order Directing the**
**Cancellation of the Remaining SC Registrations**
**on Grounds Other Than Fraud on the USPTO**

48.  Plaintiff incorporates by reference the responses asserted in the foregoing paragraphs.

49.  Plaintiff admits that Count III seeks cancellation of Plaintiff's registration for the mark D.O.S. Plaintiff denies the remaining allegations of Paragraph 49.

50.  Plaintiff denies the allegations of Paragraph 50.

51.  Plaintiff denies the allegations of Paragraph 51.

52. Plaintiff denies the allegations of Paragraph 52.

53. Plaintiff denies the allegations of Paragraph 53.

54. Plaintiff denies the allegations of Paragraph 54.

55. Plaintiff denies the allegations of Paragraph 55.

56. Paragraph 56 states a legal conclusion for which no response is required. Plaintiff denies that Defendants are entitled to their requested remedy.

## AFFRIMATIVE DEFENSES

Subject to the responses above, Plaintiff alleges and asserts the following affirmative defenses in response to the allegations set forth in Plaintiff's Counterclaim, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses and affirmative defenses described below, and subject to its responses above, Plaintiff specifically reserves the right to allege additional affirmative defenses that become known through the course of discovery and ongoing litigation.

### First Affirmative Defense
### (Failure to State a Claim)

1. One or more of the causes of action asserted in Defendants' Counterclaim fail to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Trademark Incontestability)

2. One or more of the causes of action asserted in Defendants' Counterclaim fail because the trademark registrations Defendants seek to cancel are incontestable under 15 U.S.C. § 1065.

### Third Affirmative Defense
### (Presumption of Validity)

3. One or more of the causes of action asserted in Defendants' Counterclaim fail because Plaintiff's registered trademarks are presumed valid under 15 U.S.C. § 1115.

**Fourth Affirmative Defense**

**(Good Faith)**

4. Count II of Defendants' Counterclaim fails because the statements made by Plaintiff in its trademark applications and maintenance submissions were made with the good faith belief that such statements were true and were made without any intention to deceive the USPTO.

**Fifth Affirmative Defense**

**(Unclean Hands)**

5. Defendants' Counterclaim is barred in whole or in part by Defendants' unclean hands for at least the reasons asserted in Plaintiff's Complaint against Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. An order dismissing, with prejudice, the claims asserted in Defendants' Counterclaim;

2. For attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

3. For costs of suit incurred herein;

4. For such other and further relief as the Court may deem to be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

//
//
//
//
//
//

1  DATED this 21st day of April, 2020.

2                       OSBORN MALEDON, P.A.

                     <u>s/ Brett L. Dunkelman</u>
                     Brett L. Dunkelman
                     Eric M. Fraser
                     2929 N. Central Avenue, Suite 2100
                     Phoenix, Arizona 85012-2793

                     CARR & FERRELL LLP
                     Robert J. Yorio, *pro hac vice*
                     120 Constitution Drive
                     Menlo Park, CA 94025

                     **Attorneys for Plaintiff Strategic Coach, Inc.**

8493212